CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 06 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:10-cv-00108 ) ) |
| v. | ) MEMORANDUM OPINION ) |
| GEORGE KELLER, et al., | ) ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

This is a declaratory judgment action by plaintiff, State Farm Fire & Casualty Company ("State Farm"), against defendants, George Keller and his daughter, Valerie Keller, seeking a declaration that a homeowner's policy issued to George Keller did not provide him with liability coverage for injuries Valerie suffered in a 2007 accident. The court identified two material issues of fact and submitted them to a jury for its resolution in a special verdict form. Of significance at this juncture, the court asked the jury whether State Farm had "proven by a preponderance of the evidence that any notice of the accident received was not given within a reasonable time under all the circumstances or as soon as practicable." The jury answered that State Farm had so proven, a finding demonstrating that there had been a breach of the policy's terms sufficient to void coverage. The Kellers have moved for judgment as a matter of law under Federal Rule of Civil Procedure 50 on the ground that State Farm waived the defense pursuant to Virginia Code § 38.2-2226 by failing to give Valerie Keller notice of the alleged policy breach within 45 days after discovering that breach. The court finds that State Farm gave the required statutory notice of its intent to rely on the untimeliness of Valerie Keller's policy notice, and will enter a declaratory judgment for State Farm in accordance with the jury's verdict

declaring that the insurance policy does not provide George Keller liability coverage for the injuries suffered by his daughter.

The accident that resulted in Valerie Keller's injuries occurred on September 15, 2007. George Keller's homeowners insurance policy with State Farm required, in part, that he provide the company with notice "as soon as practicable" of the " time, place, and circumstances of the accident." (Pl.'s Trial Ex. 1, at 18.) The parties agreed at trial that the appropriate notice could have been given by an insured or a claimant, so long as it was given within a reasonable time under all the circumstances or as soon as practicable. However, the jury found that it was not, leaving George Keller without liability coverage for the accident unless State Farm waived its right to rely upon its untimely notice defense under Virginia Code § 38.2-2226. That section provides, in part:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured, the insurer shall notify the claimant or the claimant's counsel of the breach . . . within forty-five days after *discovery by the insurer of the breach or of the claim, whichever is later.* . . . Failure to give the notice within forty-five days will result in a waiver of the defense based on such breach to the extent of the claim by operation of law.

(emphasis added).

The parties agree that Valerie Keller first alerted State Farm to a potential claim on May 9, 2008. The Kellers contend that State Farm discovered the breach on that date, yet failed, as required by § 38.2-2226, to notify George Keller that it was denying coverage on that basis until February 10, 2009, far outside the statute's 45 day window. State Farm contends that while it first received minimal notification of a potential claim on May 9, 2008, it did not discover until January 30, 2009, just how long it had been since Valerie Keller's accident actually occurred, and thus that there had been a potential breach of the policy's notice provision. It was on that date that Valerie Keller again called State Farm and made it clear she was asserting a claim

2

against her father, despite knowing State Farm's position that coverage was excluded on a number of separate grounds. State Farm claims to have begun a thorough investigation of the circumstances of the claim at that time and only then discovered how long it had been since the accident.

At trial, neither party requested that the court submit a factual question of whether State Farm notified George Keller within 45 days of its intent to deny coverage based on the breach of the notice provision. Under Rule 49(a)(3), "[a] party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury." If such a waiver occurs, the "court may make a finding on the issue." FED. R. CIV. P. 49(a)(3). Accordingly, after considering the evidence, including the parties' submissions, the court finds by a preponderance of the evidence that State Farm did not discover until January 30, 2009, that George Keller breached the notice provisions of his homeowner's insurance policy. Therefore, the court finds that State Farm's letter sent on February 10, 2009, adequately notified George Keller of his breach within 45 days of State Farm's discovery of the breach as required by § 38.2-2226. Accordingly, the court denies the defendants' Rule 50 motions, and will enter judgment in accordance with the jury's verdict in a separate order.

**ENTER**: May 6, 2011.

UNITED STATES DISTRICT JUDGE